J. S21044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                       v.                    :
                                        :
MARK WILLIAM MEENEY,        :            No. 3182 EDA 2018
                                        :
              Appellant      :

Appeal from the Judgment of Sentence Entered October 3, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000197-2018

BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 11, 2019**

Mark William Meeney appeals from the October 3, 2018 judgment of sentence entered by the Court of Common Pleas of Delaware County following his conviction of possession of a controlled substance and possession of a controlled substance with intent to deliver ("PWID").[1]  Patrick J. Connors, Esq., filed an application to withdraw his appearance on February 22, 2019, alleging that the appeal is frivolous, accompanied by an **Anders** brief.[2]  After careful review, we grant Attorney Connors' application to withdraw and affirm appellant's judgment of sentence.

---

[1] 35 P.S. § 780-113(a)(16) and (30), respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 329 (Pa. 2009).

The record reflects the following factual and procedural history: On December 17, 2017, Angela Giovotto called the Pennsylvania State Police to report that she had found her son, appellant, to be in possession of narcotics. The police responded. Upon their arrival at Ms. Giovotto's residence, where appellant also resided, Ms. Giovotto turned over several packets of heroin to the police. The police spoke with appellant and, with his consent, searched his bedroom and recovered two additional packets of heroin. In total, the police recovered 37 packets of heroin, 10 of which were marked "Maria," and 27 of which were marked "Firecracker." The police arrested appellant and conducted a search of his person, which yielded $120 in cash.

On January 19, 2018, the Commonwealth charged appellant with possession of a controlled substance and PWID. Following a waiver trial, the trial court convicted appellant of both charges on October 3, 2018 and imposed a sentence of 1-2 years' incarceration. Appellant did not file any post-sentence motions. On November 1, 2018, appellant filed a timely notice of appeal. On November 2, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Attorney Connors filed a timely notice of intention to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4) on November 19, 2018. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 6, 2018. As noted above, Attorney Connors

filed an application to withdraw his appearance, accompanied by an ***Anders***

brief on February 22, 2019.

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-48 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>>
>>> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise any additional points worthy of this Court's attention.

> ***Woods***, 939 A.2d at 898 (citations omitted).
>
> There are also requirements as to the precise content of an ***Anders*** brief:
>
> > [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361.

> ***Id.*** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 1248. In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." ***Id.***

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Connors' application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements.  We note that counsel has also furnished a copy of the *Anders* brief to appellant; advised him of his right to retain new counsel, proceed *pro se*, or bring any issues he deems pertinent to this court's attention; and filed with this court a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005) (citation omitted).  *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent.").  Appellant did not respond to Attorney Connors' *Anders* brief.  As Attorney Connors has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."  *Santiago*, 978 A.2d at 355 n.5, quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981).  Therefore, we now turn to the merits of appellant's appeal.

Attorney Connors raises the following issue on appellant's behalf:

[Whether] the trial court erred in sustaining the numerous objections made by the Commonwealth during the testimony of Angela Giovotto, a witness on behalf of [appellant], since those objections greatly limited her testimony of relevant information which strongly suggested [appellant] never sold or intended to sell heroin[?]

***Anders*** brief at 3 (full capitalization and emphasis omitted).

"Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion." ***Commonwealth v. Hernandez***, 39 A.3d 406, 410 (Pa.Super. 2012), ***appeal denied***, 63 A.3d 1244 (Pa. 2013), quoting ***Commonwealth v. Young***, 904 A.2d 947, 956 (Pa.Super. 2006), ***appeal denied***, 916 A.2d 633 (Pa. 2006) (citations omitted). We have defined "abuse of discretion" as, "not merely an error of judgment, but [] rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Santos***, 176 A.3d 877, 882 (Pa.Super. 2017), ***appeal denied***, 189 A.3d 986 (Pa. 2018), quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 749-750 (Pa.Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

Here, the Commonwealth raised four objections during Ms. Giovotto's testimony, which was directed to the fact that appellant was an addict and not a dealer. The Commonwealth's objections were sustained based on hearsay, speculation, and relevancy.

The first objection related to Ms. Giovotto's providing hearsay testimony as to why her tenant chose to move out of her house. (Notes of testimony, 9/28/18 at 64.) The trial court sustained the Commonwealth's objection. (*Id.*)

The Pennsylvania Rules of Evidence define hearsay as an out-of-court statement offered to prove the truth of the matter asserted. Pa.R.E. 801(c). The Rules of Evidence generally prohibit a court from admitting hearsay evidence, unless an exception to the Rule Against Hearsay applies. Pa.R.E. 802; *see also* Pa.R.E. 803; 803.1; 804. Here, the reason Ms. Giovotto's tenant gave for moving out is hearsay evidence because the statement at issue was made out of court and was being introduced to prove the truth of the matter asserted—namely, appellant's drug use. (*See* notes of testimony, 9/28/18 at 64.) Accordingly, the trial court did not abuse its discretion when it sustained the Commonwealth's hearsay objection.

The Commonwealth's next two objections were on the grounds that Ms. Giovotto was providing speculative testimony. Specifically, the Commonwealth objected to Ms. Giovotto's testimony regarding why appellant may have fabricated a story about someone shooting him in the head if he failed to return drugs and testimony pertaining to activity related to dealing drugs. (*Id.* at 67-69.) The trial court sustained both objections. (*Id.* at 67; 69.)

The Rules of Evidence permit a witness to testify to a matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Pa.R.E. 602. Here, appellant failed to produce any evidence of record that Ms. Giovotto had any personal knowledge as to appellant's reasons why he would have fabricated a story about being shot for failing to return drugs or about activity related to dealing drugs. We, therefore, find that the trial court did not abuse its discretion when it sustained the Commonwealth's objections.

Finally, the Commonwealth raised a relevance objection when Ms. Giovotto began testifying about appellant's absence from his uncle's funeral. (Notes of testimony, 9/28/18 at 72-73.) The trial court sustained the objection. (***Id.*** at 73.)

> "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." ***Commonwealth v. Spiewak***, [], 617 A.2d 696, 699 ([Pa.] 1992). Evidence that merely advances an inference of a material fact may be admissible, even where the inference to be drawn stems only from human experience.

***Commonwealth v. Hawk***, 709 A.2d 373, 376 (Pa. 1998) (citation omitted). Here, there is no evidence on the record that indicates that appellant's absence from his uncle's funeral was relevant to the charges against him. Accordingly, we find that the trial court did not abuse its discretion.

We, therefore, find that the record supports Attorney Connors' assessment that the appeal is frivolous because the record demonstrates that the trial court did not abuse its discretion when it sustained the Commonwealth's objections during Ms. Giovotto's testimony.

Moreover, our independent review of the entire record reveals no additional non-frivolous claims.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/19